IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
DEC 21 2016
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

MOMOLU V.S. SIRLEAF, JR.,

    Plaintiff,

v.                                                Civil Action No. **3:15CV340**

**DAVID ROBINSON**, *et al.*,

    Defendants.

## MEMORANDUM OPINION

Momolu V.S. Sirleaf, Jr., a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action under 42 U.S.C. § 1983.[1] The action proceeds on his Particularized Complaint (ECF No. 29). In the Particularized Complaint, Sirleaf argues that, during his incarceration at the Greensville Correctional Center ("GCC"), Defendants[2] have violated his right to practice his religion as a "member[] of the Common Wealth of Israel." (Part. Compl. 2.)[3] The Court construes Sirleaf to raise the following claims for relief:[4]

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] The named Defendants are: David Robinson, the Chief of Operations for the Virginia Department of Corrections ("VDOC"); Curtis Wall, the Chaplain at GCC; and, Harold Clarke, the Director of the VDOC.

[3] While the Particularized Complaint names "Plaintiffs" and has attached signatures from a number of inmates, as previously explained to Sirleaf, "[t]he action will proceed with Momolu Sirleaf as the sole plaintiff. To the extent any other inmate wishes to pursue an action under 42 U.S.C. § 1983, he must submit his own new civil action." (Mem. Order 1, ECF No. 2.) The

Claim One: Defendants placed a substantial burden on Sirleaf's exercise of his religion in violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA")[5] by denying Sirleaf's request for religious feasts for "(1) the Feast of Weeks; (2) the Feast of Trumpets; [and] (3) the Feast of Tabernacles." (*Id.* at 9–10.)

Claim Two: Defendants violated Sirleaf's First Amendment[6] right to free exercise of his religion by "depriv[ing] religious feasts calories during the Plaintiff['s] . . . religious feast exercises." (*Id.* at 11.)

Claim Three: Defendants Robinson and Clarke violated Sirleaf's Fourteenth Amendment[7] right to equal protection of the law by "providing additional religious feast calories for the similarly situated inmates of the European and Arabic religions, but deprivation of religious feast calories for the Plaintiff[]." (*Id.* at 12.)

The matter is now before the Court on Defendants' Motion for Summary Judgment. (ECF No. 33.) Despite providing Sirleaf with appropriate *Roseboro*[8] notice, Sirleaf has not responded. This matter is ripe for judgment. For the reasons stated below, Defendants' Motion for Summary Judgment will be GRANTED, and Sirleaf's claims will be DISMISSED because he failed to exhaust his administrative remedies.

---

Court again reminded Sirleaf in its May 27, 2016 Memorandum Order that "he is the sole Plaintiff in the instant action and . . . he is not proceeding as the representative of a class as his Particularized Complaint suggests." (Mem. Order 1, ECF No. 30.)

[4] The Court corrects the spelling, capitalization, and punctuation in the quotations from Sirleaf's Particularized Complaint.

[5] 42 U.S.C. § 2000cc-1(a).

[6] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof . . . ." U.S. Const. amend. I.

[7] "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

[8] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

## I. Summary Judgment Standard

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the court of the basis for the motion, and to identify the parts of the record which demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

Defendants ask the Court to dismiss Sirleaf's claims because Sirleaf failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Because the exhaustion of administrative remedies is an affirmative defense, Defendants bear the burden of pleading and proving lack of exhaustion. *Jones v. Bock*, 549 U.S. 199, 216 (2007). In support of their Motion for Summary Judgment, Defendants submit: (1) the affidavit of Shirley Tapp, the Grievance Coordinator at GCC (Mem. Supp. Mot. Summ. J. Ex. 1 ("Tapp Aff."), ECF No. 34-1); (2) a copy of Virginia Department of Corrections ("VDOC") Operating Procedure § 866.1 (*id.* Encl. A ("Operating Procedure § 866.1"));[9] and, (3) copies of grievances and informal complaints submitted by Sirleaf (*id.* Encls. B-C).

---

[9] The Court has omitted the emphasis in the quotations from this document.

3

Sirleaf did not respond to the Motion for Summary Judgment, thereby failing to cite to any evidence that he wishes the Court to consider in opposition. *See* Fed. R. Civ. P. 56(c)(3) (emphasizing that "[t]he court need consider only the cited materials" in deciding a motion for summary judgment). Sirleaf's Particularized Complaint was sworn to under penalty of perjury; however, it fails to address his attempts at exhaustion except for the following conclusory statements that "plaintiff exhausted [his] remedies pursuant to O.P. #866.1 Offender Grievance Procedure. However, [his] complaints were refused process on the merits at the intake process. Nonetheless, plaintiff[] appealed the intake decision to exhaustion, including defendant Clarke's office." (Part. Compl. 13.) Sirleaf's "[a]iry generalities [and] conclusory assertions" that he exhausted his administrative remedies "[do] not suffice to stave off summary judgment." *McManus v. Wilson*, No. 3:13CV460, 2015 WL 3444864, at *6 (E.D. Va. May 28, 2015) (alterations in original) (quoting *United States v. Roane*, 378 F.3d 382, 400-01 (4th Cir. 2004)). Sirleaf's complete failure to present any evidence to counter Defendants' Motion for Summary Judgment permits the Court to rely solely on Defendants' submissions in deciding the Motion for Summary Judgment. *See Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) ("'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'" (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992))); *see* Fed. R. Civ. P. 56(c)(3) ("The Court need only consider the cited materials . . . .").

Accordingly, the following facts are established for the Motion for Summary Judgment. The Court draws all permissible inferences in favor of Sirleaf.

## II. Undisputed Facts

### A. VDOC's Grievance Procedure

Operating Procedure § 866.1, Offender Grievance Procedure, is the mechanism used to resolve inmate complaints in the VDOC. (Tapp Aff. ¶ 4.) Offenders are oriented to the offender grievance procedure when they are initially received into the VDOC. (*Id.* ¶ 9.) Operating Procedure § 866.1 requires that, before submitting a formal grievance, the inmate must demonstrate that he or she has made a good faith effort to resolve the grievance informally through the procedures available at the institution to secure institutional services or resolve complaints. (Operating Procedure § 866.1.V.B.) Generally, a good faith effort requires the inmate to submit an informal complaint form. (*Id.* § 866.1.V.B.1.) If the informal resolution effort fails, the inmate must initiate a regular grievance by filling out the standard "Regular Grievance" form. (*Id.* § 866.1.VI.A.2.)

"The original Regular Grievance (no photocopies or carbon copies) should be submitted by the offender through the facility mail system to the Facility Unit Head's Office for processing by the Institutional Ombudsman/Grievance Coordinator." (*Id.* § 866.1.VI.A.2.b.) The offender must attach to the regular grievance a copy of the informal complaint. (*Id.* § 866.1.VI.A.2.a.) Additionally, "[i]f 15 calendar days have expired from the date the Informal Complaint was logged without the offender receiving a response, the offender may submit a Grievance on the issue and attach the Informal Complaint receipt as documentation of the attempt to resolve the issue informally." (*Id.* § 866.1.V.B.2.) A formal grievance must be filed within thirty days from the date of the incident or occurrence, or the discovery of the incident or occurrence, except in instances beyond the offender's control. (*Id.* § 866.1.VI.A.1.)

5

### 1. Grievance Intake Procedure

Prior to review of the substance of a grievance, prison officials conduct an "intake" review of the grievance to assure that it meets the published criteria for acceptance. (*Id.* § 866.1.VI.B.) A grievance meeting the criteria for acceptance is logged in on the day it is received, and a "Grievance Receipt" is issued to the inmate within two days. (*Id.* § 866.1.VI.B.3.) If the grievance does not meet the criteria for acceptance, prison officials complete the "Intake" section of the grievance and return the grievance to the inmate within two working days. (*Id.* § 866.1.VI.B.4.) If the inmate desires a review of the intake decision, he or she must send the grievance form to the Regional Ombudsman within five calendar days of receipt. (*Id.* § 866.1.VI.B.5.)

### 2. Grievance Appeals

Up to three levels of review exist for a regular grievance. (*Id.* § 866.1.VI.C.) The Facility Unit Head of the facility in which the offender is confined is responsible for Level I review. (*Id.* § 866.1.VI.C.1.) If the offender is dissatisfied with the determination at Level I, he or she may appeal the decision to Level II, a review of which is conducted by the Regional Administrator, the Health Services Director, the Superintendent for Education, or the Chief of Operations for Offender Management Services. (*Id.* § 866.1.VI.C.2.) The Level II response informs the offender whether he or she "qualifies for" an appeal to Level III. (*Id.* § 866.1.VI.C.2.g.)

### 3. Emergency Grievances Fail to Satisfy the Exhaustion Requirement

An offender may file an emergency grievance if he or she believes that there is a situation or condition which may subject him or her to immediate risk of serious personal injury or irreparable harm. (*Id.* § 866.1 VII.A.) "The filing of an emergency grievance does not satisfy

6

the exhaustion requirement." (Tapp Aff. ¶ 8.) As previously outlined, to satisfy the exhaustion requirement the offender must submit his or her complaint "by filing a Regular Grievance with the appropriate Informal Complaint, and appealing it through all available appeal levels." (*Id.*)

### B. Facts Pertaining to Sirleaf's Exhaustion of Administrative Remedies

Sirleaf "has utilized the grievance procedure on *numerous* occasions during his confinement." (Tapp Aff. ¶ 9.) On October 16, 2014, GCC staff received an informal complaint (#GCC-14-INF-07554) from Sirleaf in which he stated "[o]n 10-6-14 I challenge VADOC operating procedure 841.3 uncondition [sic] for my Jewish/Yahwist Holy Feasts, the Feast of Trumpets, Fea[s]t of [W]eeks and [F]east of Tabernacles." (*Id.* Encl. B, ECF No. 34-1, at 24.)[10] K. Nicholas responded, "GRCC do[es] not write any operating procedure policy 841.3. [A]ccording to the policy there not any meals dietary[.]" (*Id.*)

On August 27, 2015, Sirleaf submitted an emergency grievance wherein he notified staff at GCC that he was "requesting a temporary restraining order [directing Defendants to provide a] Feast of Trumpets religious exercise." (*Id.* at 22.) The staff member who responded to Sirleaf's emergency grievance determined that it did not meet the definition of an emergency, and advised Sirleaf "to write Warden Parker." (*Id.*)

On September 13, 2015, Sirleaf submitted an informal complaint (#GCC-15-INF-08178) wherein he complained that he continued to suffer from violations of his rights under RLUIPA as well as the First and Fourteenth Amendments because staff at GCC "fail[ed] to provide dietary considerations for [his] feast religious exercises." (*Id.* at 23.) A GCC staff member responded that Sirleaf "ha[d] not [provided] enough information to provide an appropriate response to [his]

---

[10] Enclosure B lacks any pagination. Accordingly, the Court hereinafter refers to this submission by its docket number and the pagination assigned by the CM/ECF docketing system.

concerns." (*Id.*) The staff member specifically asked Sirleaf to detail what dietary requirements he was requesting and why. (*Id.*)

On September 23, 2015, Sirleaf submitted a regular grievance wherein he complained that he "suffer[ed] actual, imminent, irreparable injuries to [his] (RLUIPA), First & Fourteenth Amendment rights." (Tapp Aff. Encl. C, at 1.) Specifically, Sirleaf complained that the

> Master Religious Calendar fail[ed] to provide dietary consideration for [his] feast/religious exercise. Per Warden's 9/21/15 response, these dietary considerations are: (1) Ecumenical feasts for (A) Feast of Trumpets, (B) Feast of Tabernacles, (C) Feast of Weeks, (D) Feast of Dedication; (2) a special celebratory meal, no pork or pork products; and (3) communion provisions for all feast and fast days.

(*Id.*) Institutional Ombudsman/Grievance Coordinator K. Whitehead returned the regular grievance to Sirleaf for insufficient information, asking him to provide the date of occurrence and "specific details what [he was] denied." (*Id.* at 2.) Sirleaf never resubmitted a regular grievance concerning this matter. (Tapp Aff. ¶ 11.)

Tapp avers that, based on the grievance records, Sirleaf failed to exhaust his administrative remedies for his claims. (*Id.* ¶ 12.)

### III. Exhaustion Analysis

The pertinent statute provides: "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This language "naturally requires a prisoner to exhaust the grievance procedures offered, whether or not the possible responses cover the specific relief the prisoner demands." *Booth v. Churner*, 532 U.S. 731, 738 (2001). Generally, in order to satisfy the exhaustion requirement, an aggrieved party must file a grievance raising the claim and pursue the grievance through all available levels of appeal, prior to bringing his or her action to

court. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Supreme Court has instructed that section 1997e(a) "requires proper exhaustion." *Id.* at 93. The Supreme Court explained that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules," *id.* at 90, "'so that the agency addresses the issues on the merits.'" *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). The applicable prison rules "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Exhaustion is mandatory, and courts lack discretion to waive the exhaustion requirement. *Porter v. Nussle*, 534 U.S. 516, 524 (2002).

  Here, Sirleaf clearly failed to exhaust his administrative remedies with regard to his claims. As noted above, Sirleaf filed an emergency grievance, two informal complaints, and a regular grievance. The regular grievance was returned to him for insufficient information, and Sirleaf was asked to provide dates of occurrences and specific details. Sirleaf never resubmitted a regular grievance that corrected the deficiencies. Thus, Sirleaf failed to exhaust his administrative remedies because the GCC never had the "fair opportunity" to examine the merits of his grievance. *Woodford*, 548 U.S. at 95. The proper rejection of Sirleaf's inadequate or defective September 23, 2015 grievance is not sufficient to exhaust his administrative remedies. *See Scott v. Kelly*, No. 1:11CV25 (AJT/TCB), 2011 WL 6046400, at *2 (E.D. Va. Dec. 2, 2011) (citing *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008)). Sirleaf also never pursued any of his claims to a Level II appeal. Thus, he failed to comply with 42 U.S.C. § 1997e(a). *See Woodford*, 548 U.S. at 90. Sirleaf offers no argument to excuse his failure to exhaust his administrative remedies for these claims. Accordingly, Sirleaf's claims will be DISMISSED WITHOUT PREJUDICE. *See Duncan v. Clarke*, No. 3:12CV482, 2015 WL 75256, at *9 (E.D.

Va. Jan. 6, 2015) (explaining that "the normal remedy for a failure to exhaust under § 1997e(a) is dismissal without prejudice" (citing *Booth*, 532 U.S. at 735)).

### IV. Outstanding Objections

Sirleaf "appeal[s] de novo to the United States District Court Judges . . . the Memorandum Order of [the] Magistrate Judge . . . denying 'without prejudice plaintiff's motion for the requesting of the appointment of counsel' . . . . the denying of plaintiff['s] motion for temporary restraining order . . . and motion for preliminary injunction . . . 'without prejudice'." (ECF No. 30, at 1.)

Pursuant to Federal Rule of Civil Procedure 72(a), a party may seek review of nondispositive pretrial matters by a district court judge. The Rule provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). The Court construes Sirleaf's "Appeal" as objections permitted under Rule 72(a) ("Objections").

First, to the extent that Sirleaf objects to the purported denial of his motion for a temporary restraining order or motion for preliminary injunction, Sirleaf filed no motion for a temporary restraining order or motion for preliminary injunction in the instant action. Thus, no order exists for Sirleaf to object to.

Second, the Court construes Sirleaf to object to the Magistrate Judge's December 9, 2015 Memorandum Order denying without prejudice his Motion for Appointment of Counsel. (*See* Mem. Order 1, ECF No. 13.) Sirleaf filed his "Appeal" on April 4, 2016, well beyond the

10

fourteen days permitted for objections. Thus, his objection to the December 9, 2015 Memorandum Order is untimely. Additionally, Sirleaf provides no argument in support of his protest of the Magistrate Judge's denial of his Motion for Appointment of Counsel. The Magistrate Judge determined that counsel need not be appointed for Sirleaf because "[t]his action presents no complex issues or exceptional circumstances" and that Sirleaf's "pleadings demonstrate that he is competent to represent himself in the action." (Mem. Order 1, ECF No. 13.) The Court discerns no error in the Magistrate Judge's conclusion. Sirleaf's Objections (ECF No. 27) will be OVERRULED.

### V. Conclusion

Accordingly, the Motion for Summary Judgment (ECF No. 33) will be GRANTED. Sirleaf's claims will be DISMISSED WITHOUT PREJUDICE. Sirleaf remains free to file a new complaint once he has properly exhausted his administrative remedies with respect to his claims. Sirleaf's Objections (ECF No. 27) will be OVERRULED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

/s/
_____
M. Hannah Lauck
United States District Judge

Date: DEC 21 2016
Richmond, Virginia